**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MEI ZHAO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03256-MBB |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Mei Zhao petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. She argues that the Respondents (collectively, "the Government") wrongfully detained her without a bond hearing. (**Doc. 1**, p. 4). She asks the Court to order the Government to provide such a hearing or immediately release her. (***Id.*** at pp. 23-24). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA"), due process, or the Administrative Procedure Act (the "APA"), the petition is DENIED.

## Background

Petitioner, a Chinese citizen, entered the United States illegally in 2000. (**Doc. 1**, p. 5); (**Doc. 1-2**, p. 17). The Government charged her as removable under 8 U.S.C. § 1182(a)(7)(A)(i) and paroled her into the United States pending removal proceedings. (**Doc. 1**, p. 5); (**Doc. 1-2**, p. 17). She filed an application for asylum. (**Doc. 1**, p. 6). On November 19, 2003, an immigration judge ordered her removed to China in absentia. (**Doc. 1-2**, p. 17). In 2012, when arresting her husband, DHS discovered Petitioner's removal order. (**Doc. 1**, p. 6). DHS placed her on supervised release. (***Id.***). "On August 12, 2014, over ten years after [Petitioner] was ordered removed, [she] filed an untimely Motion to Reopen," which was denied. (***Id.*** at pp. 17-19).

On December 15, 2025, DHS arrested Petitioner and detained her without bond. (**Doc. 1**, p. 8); (**Doc. 6-1**, p. 4). DHS asked her to complete Chinese travel document applications. (**Doc. 6-1**, p. 4). She initially refused but completed the applications on February 10, 2026. (*Id.*). On March 19, 2026, DHS determined that it was necessary to continue to detain Petitioner. (*Id.*). DHS considered whether she was a: (1) flight risk, (2) danger to the community, or (3) threat to national security. (*Id.* at p. 3). DHS also considered "whether there is a significant likelihood of removal in the reasonably foreseeable future." (*Id.*). On March 30, 2026, DHS submitted Petitioner's travel document request to the Chinese embassy. (*Id.* at p. 4). On April 20, 2026, the Chinese embassy confirmed that "Petitioner's travel document packet was accepted." (*Id.*). She remains detained pending removal. (*Id.* at pp. 4-5).

On April 30, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). She argues that DHS failed to follow its own regulations by revoking her release. (*Id.* at p. 10); (**Doc. 7**, pp. 3-4). And she argues that any statutory or constitutional justification for her detention "expired twenty years ago." (**Doc. 1,** pp. 14-16). Petitioner alleges violations of the INA, due process, and the APA. (*Id.* at pp. 9-22). The Government counters that the INA and the constitution permit Petitioner's detention. (**Doc. 6**, p. 3). And the Court lacks jurisdiction to consider the petition under 8 U.S.C. § 1252(a)(5), 8 U.S.C. § 1252(g), and 8 U.S.C. § 1252(b)(9). (*Id.* at pp. 6-8).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere

agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

The Court first considers the Government's jurisdictional arguments. *See **Bellecourt v. United States***, 994 F.2d 427, 430 (8th Cir. 1993) (noting that jurisdiction is a threshold issue). The Court will then explain why Petitioner fails to show that her detention pending removal is contrary to the INA, due process, and the APA.

**I. The Court has jurisdiction to review the petition.**

"Congress enacted several statutory provisions that limit the circumstances in which judicial review of deportation decisions is available." ***Zadvydas***, 533 U.S. at 687. But "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear." ***Demore v. Kim***, 538 U.S. 510, 517 (2003). Neither 8 U.S.C. § 1252(a)(5) nor 8 U.S.C. § 1252(g) nor 8 U.S.C. § 1252(b)(9) preclude judicial review of the petition.

**A. 8 U.S.C. § 1252(a)(5) does not deprive the Court of jurisdiction.**

According to 8 U.S.C. § 1252(a)(5), "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." Section 1252(a)(5) only applies to petitions for review of removal orders. *See **Nasrallah v. Barr***, 590 U.S. 573, 580 (2020). It does not strip the Court of jurisdiction over habeas petitions challenging detention associated with a removal order. *See **Bah v. Cangemi***, 548 F.3d 680, 683 n.3 (8th Cir. 2008). Here, the petition challenges detention associated with a removal order. The

Court has jurisdiction to review it. *See Samolu v. Barr*, 787 Fed. Appx. 349, 351 (8th Cir. 2019) (per curiam) (remanding a habeas petition challenging detention associated with a removal order).

### B. 8 U.S.C. § 1252(g) does not deprive the Court of jurisdiction.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." **8 U.S.C. § 1252(g)**. It "applies only to three discrete actions" the Attorney General may take: decisions or actions to "commence proceedings, adjudicate cases, or execute removal orders." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis removed). It bars courts from reviewing certain discretionary actions, but it does not bar review of the underlying legal bases for those actions. *See Silva v. United States*, 866 F.3d 938, 941 (8th Cir. 2017), *citing Jama v. Immigration & Naturalization Service*, 329, F.3d 630 (8th Cir. 2003).

Here, petitioner challenges the underlying legal basis for her continued detention without bond. She does not challenge a decision to commence her proceeding, adjudicate her case, or execute her removal order. *See American-Arab*, 525 U.S. at 482. Section 1252(g) does not preclude jurisdiction. *See Ozturk v. Hyde*, 136 F.4th 382, 396-98 (2d Cir. 2025) (holding that Section 1252(g) did not preclude review of a habeas petition challenging unlawful detention); *Madu v. United States Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006) (same).

### C. 8 U.S.C. § 1252(b)(9) does not deprive the Court of jurisdiction.

Under 1252(b)(9):

Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this

4

subchapter shall be available only in judicial review of a final order under this section.

**8 U.S.C. § 1252(b)(9)**.  Section 1252(b)(9) bars review of claims arising from removal actions. ***Department of Homeland Sec. v. Regents of the Univ. of Cal.***, 591 U.S. 1, 19 (2020).  It does not preclude jurisdiction where a petitioner does not challenge the initial detention decision, the decision to seek removal, a removal order, or any part of the process by which removability is determined.  *See **Jennings v. Rodriguez***, 583 U.S. 281, 294-95 (2018).  The question is not whether detention is an action taken to remove an alien, but whether the legal questions in a particular case arise from such an action.  *Id.* at n.3.  "This distinction . . . makes practical sense. While challenges to removal can be heard in a petition for review after an order of removal has been entered by an immigration judge and affirmed by the [BIA], the same is not true of constitutional challenges to detention."  ***Mahdawi v. Trump***, 136 F.4th 443, 452 (2d Cir. 2025).

Here, Petitioner raises constitutional challenges to her detention pending removal.  She does not challenge any substantive aspect of those removal proceedings or the initial decision to detain her.  *See **Jennings***, 583 U.S. at 294-95.  Section 1252(b)(9) does not preclude jurisdiction. *See **Nielsen v. Preap***, 586 U.S. 392, 402 (2019) (holding that Section 1252(b)(9) did not preclude review of a habeas petition challenging unlawful detention); ***Ozturk***, 136 F.4th at 399-400 (same).

## II.     Petitioner's continued detention does not violate the INA.

When an alien is ordered removed, the Government must remove them within 90 days (the "removal period").  **8 U.S.C. § 1231 (a)(1)(A)**.  The Government must detain an alien during the removal period.  **8 U.S.C. § 1231 (a)(2)(A)**.  An alien inadmissible under 8 U.S.C. § 1182 "may be detained beyond the removal period."  **8 U.S.C. § 1231 (a)(6)**.  Here, DHS ordered Petitioner removed under 8 U.S.C. § 1182.  The INA plainly authorizes her detention pending removal.

**III. Petitioner's detention does not violate procedural due process because the INA permits it.**

Petitioner cites *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), arguing that she is entitled to relief because the Government revoked her release without following certain procedures prescribed by 8 C.F.R. § 241.13. But nearly 70 years after *Accardi*, the Supreme Court held that a removable alien "has only those rights regarding admission that Congress has provided by statute." *See **Department of Homeland Security v. Thuraissigiam***, 591 U.S. 103, 140 (2020). The Eighth Circuit agreed. *See **Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024) (holding that removable aliens may be detained pending deportation "simply by reference to the legislative scheme").

Here, Petitioner is properly detained under Section 1231. That statute allows the Government to detain aliens ordered removed under Section 1182. For those aliens, it does not require the procedural steps in 8 C.F.R. § 241.13. And the INA gives the Government discretion to revoke supervised release and detain an alien. *See ***8 U.S.C. § 1226(b)***; **8 U.S.C. § 1182(d)(5)(A)***. The Court may not disturb those discretionary decisions. *See ***8 U.S.C. § 1226(e)***. "It is well-established law that the statute is the primary authority and that regulations to the extent they are in conflict with the statute are void." ***United States v. Whitney Land Co.***, 324 F.2d 33, 38 (8th Cir. 1963). Because the INA allows Petitioner's detention pending deportation, procedural due process requires no more.

**IV. Petitioner's detention does not violate due process because her removal is reasonably foreseeable.**

Though Section 1231 permits detention of aliens ordered removed under Section 1182, "[i]t does not permit indefinite detention." ***Zadvydas***, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." ***Id.*** at 699. So the Court asks whether the detention "exceeds a period reasonably necessary to secure

6

removal." *Id.* The Court measures reasonableness "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* The review considers "the greater immigration-related expertise of the Executive Branch," and "Executive Branch primary in foreign policy matters." *Id.* at 700. Detention for six months is presumptively constitutional. *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner has been detained for less than six months. Her detention pending removal is not contrary to the Constitution. Petitioner argues that the six-month clock started when she was ordered removed, not when she was detained. She is wrong. *See* **8 U.S.C. § 1231 (a)(6)** (inadmissible aliens "may be *detained* beyond the removal period") (emphasis added); ***Zadvydas***, 533 U.S. at 689 ("[T]he habeas court must ask whether the *detention* in question exceeds a period reasonably necessary to secure removal.") (emphasis added). Even if her detention had surpassed six months, the Government presented evidence showing that her removal is reasonably foreseeable. (**Doc. 6-1**, p. 4).

Petitioner cites *Jamal v. Sessions*, 2018 WL 1440609 (W.D. Mo. Mar. 22, 2018), arguing that even if removal is reasonably foreseeable, to justify continued detention, the Court must determine whether she is a flight risk or a danger to the community. She is wrong again. *See* ***Zadvydas***, 533 U.S. at 701 ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). *See also* ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

7

**V.  Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted).  Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Minnesota Deer Farmers Ass'n v. Strommen*, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted).  A petitioner must provide a "careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997).  If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster.  *See id.* at 728.  *See also Minnesota Deer Farmers*, 146 F.4th at 670 ("The fact that a right is acknowledged to be a liberty covered by the Due Process Clause does not automatically render that right 'fundamental' such that any statutory regulation of that right must be subjected to the highest constitutional scrutiny.").

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." *Zadvydas*, 533 U.S. at 690.  But "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore*, 538 U.S. at 522.  "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." *Carlson v. Landon*, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See Glucksberg*, 521 U.S. at 721.  Her substantive due process claim fails for that reason alone.  Regardless, aliens ordered removed have no fundamental liberty interest in a bond hearing

or release pending deportation. Such rights are not "deeply rooted in this Nation's history and tradition." *See **Minnesota Deer Farmers***, 146 F.4th at 670; ***Romero v. Brown***, 2026 WL 1021455, at \*7 (S.D. Iowa Apr. 15, 2026) ("The right [she] actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). Petitioner's detention is rationally related to the legitimate government interest of "assuring [her] presence at the moment of removal." *See **Zadvydas***, 533 U.S. at 699.

**VI.     Petitioner's APA claim fails because she has an adequate remedy in court.**

The APA only "provides for review of a final agency action for which there is no other adequate remedy in a court." *See **Union Pac. R.R. Co. v. United States R.R. Ret. Bd.***, 162 F.4th 908, 917 (8th Cir. 2025). The "no other adequate remedy" requirement ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review." ***Bangura v. Hansen***, 434 F.3d 487, 501 (6th Cir. 2006); ***Bowen v. Massachusetts***, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas." ***Trump v. J. G. G.***, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (holding that APA claims and habeas claims follow different litigation paths). *See **Preiser v. Rodriguez***, 411 U.S. 475, 486 (1973) (holding that habeas corpus is "the specific instrument to obtain release" from unlawful confinement).

Here, even if Petitioner challenges a final agency action, this petition provides judicial review of the Government's decision to revoke her release and detain her. As discussed, 28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of

9

immigration-related detention.  *See **Zadvydas***, 533 U.S. at 687.  So there is an "adequate remedy in court," which precludes Petitioner's APA claims.  *See **Union Pac. R.R.***, 162 F.4th at 917.  *See also **Dominguez v. Mordant***, 2026 WL 1098252, at \*3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a habeas petition"); ***Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences).

### Conclusion

Petitioner's continued detention does not violate the INA, procedural due process, or substantive due process.  And her APA claim fails.  The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  June 5, 2026